UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. PHUI, ET. AL.,<br><br>    Defendants. | Case No. 1:20-cv-276-HBK<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 21) |

Plaintiff Kelly Davis is a current state prisoner proceeding *in forma pauperis* on his first amended complaint filed pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical condition. (Doc. No. 10). Pending before the Court is Plaintiff's motion seeking appointment of counsel including attachments detailing Plaintiff's wife's attempts to secure *pro bono* counsel, filed on October 20, 2021. (Doc. No. 21).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). This Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other

citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The Court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). The Court "is not required to articulate reasons for denying appointment of counsel if the reasons are clear from the record." *Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir.1991).

Plaintiff's seeks appointment of counsel for numerous reasons including, *inter alia*, (1) he is unable to afford an attorney; (2) his imprisonment makes litigation more difficult; (3) he has limited knowledge of the law and limited law library access, and this case is complex; (4) conflicting testimony may be presented at trial; and (5) he has been unable to independently secure an attorney. (Doc. No. 21 at 1-3).

Plaintiff has failed to demonstrate exceptional circumstances warrant appointment of counsel. Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face. Challenges prosecuting a case, such as law library access, "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Contrary to Plaintiff's assertion, the Court does not find the issues in this case are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). While the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). Finally, Plaintiff's inability thus far to find counsel is "not a proper factor for the Court to consider in determining whether to request counsel." (*Id*). Should this case

progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.[1]

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 21) is DENIED without prejudice.

Dated:  October 21, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] While it appears Plaintiff's wife has made many attempts to secure pro bono counsel on Plaintiff's behalf, Plaintiff may want to view the resources for *pro se* litigants available at https://prose.cacd.uscourts.gov/. While the website is specific to our neighboring Central District of California, it nonetheless contains information helpful for guiding *pro se* litigants in the Eastern District.