UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY B. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. PHUI, ET. AL.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00276-HBK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE, DIRECTING CLERK TO STRIKE PLAINTIFF'S DOCUMENTS, AND DENYING PLAINTIFF'S MOTION TO STRIKE<br><br>(Doc. Nos. 24, 25, 32) |

　　　　Pending before the Court is Defendants' motion to strike, filed on October 27, 2021. (Doc. No. 25). In response, Plaintiff filed as a motion to strike directed at Defendants' motion on November 18, 2021. (Doc. No. 32).

　　　　Plaintiff Kelly B. Davis initiated this action proceeding *pro se* by filing a prisoner civil rights complaint under 42 U.S.C § 1983. (Doc. No. 1). Plaintiff is proceeding on his first Amended Complaint ("FAC"). (Doc. No. 10). Defendants filed their answer. (Doc. No. 17). A scheduling and briefing order was issued in this case and discovery should be underway. (Doc. No. 22).

　　　　Pursuant to the Court's inherent power to manage its docket, Defendants move to strike documents Plaintiff filed with the Court on October 25, 2021 (Doc. No. 24), which include a unsworn declaration from Plaintiff's sister and two letters from a criminal attorney. (Doc. No. 25 at 1-2). Defendants explain these documents were not directed at any dispositive motion and

otherwise fail to comply with the Federal Rules of Civil Procedure and the Local Rules.  (*Id.*at 1). Defendants specifically argue the documents should be stricken because: Plaintiff did not sign the filing contrary to Federal Rule of Civil Procedure 11; the documents do not accompany any motion for summary judgment or other relief; and, the documents do not comply with evidentiary rules or have evidentiary value (the declaration wasn't made under penalty of perjury required under 28 U.S.C. § 1746 and two unauthenticated letters, nearly identical, prepared by an attorney).  (*Id.* at 1-2) (internal citations omitted).

In response, Plaintiff explains he is appearing without counsel and incarcerated and is learning as he goes.  (Doc. 32 at 2).  Plaintiff submits that his sister's declaration is "right now being notarized," and seeks permission to re-file the documents once they are properly notarized. (*Id.* at 1-2).

Both Federal Rule of Civil Procedure 11 and Eastern District of California Local Rule 131(b) require all pleadings, motions and papers be signed by at least one attorney of record, or by the party personally if the party is proceeding without counsel. *See also Fields v. Vogel*, 2014 WL 127488 (E.D. Cal. Jan. 14, 2014) (recommending district court strike unsigned pleadings and further recommending court grant defendants' motion for summary judgment, which was later adopted by the district court).  Further, as Defendants point out, documents are not randomly filed in Court, but instead should accompany a motion for summary judgment, or a motion seeking other relief.

Based on the foregoing, Defendants' arguments are well taken.  The Court directs the Clerk to strike Plaintiff's documents, filed on October 25, 2021.  Plaintiff may choose to attach these documents to a proper motion or opposition to a motion at the appropriate time.

Accordingly, it is **ORDERED**:

1. Defendant's motion to strike (Doc. No. 25) is GRANTED.

2. Plaintiff's motion to strike (Doc. No. 32), construed as his opposition to Defendant's motion to strike, is DENIED to the extent it seeks any relief.

3. The Clerk of court shall strike the documents Plaintiff's filed on October 25, 2021 from the record.  (Doc. No. 24).

Dated:   February 9, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE