UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY B. DAVIS, | Case No. 1:20-cv-276-HBK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEPOSITION AND REQUEST FOR EARLY SETTLEMENT PROGRAM |
| v. | |
| DR. PHUI, ET. AL., | (Doc. Nos. 28, 36) |
| Defendants. | |

Pending before the Court is Plaintiff's motion to strike deposition, request for production of documents, and request for in person settlement conference, filed on November 15, 2021. (Doc. No. 28). Defendant filed a response in opposition on November 17, 2021. (Doc. No. 31).

In the instant motion Plaintiff seeks to strike the notice of deposition of Plaintiff and request for production of documents served by Defendants Phui and Ugwueze. (*See generally* Doc. No. 28). Plaintiff references the scheduling order and states it requires the parties "first attempt to meet and confer" to resolve any discovery disputes before seeking relief from the Court. (*Id.* at 1). Plaintiff also requests a settlement conference and appears to challenge the phone call he had with counsel previously regarding settlement as insufficient and not in compliance with the Court's order. (*Id.* at 2-3; *see also* Doc. No. 36).

In opposition, Defendants note that Plaintiff states no grounds to strike the properly served discovery and his request for joint discovery is moot based on the Court's discovery and

scheduling order. (Doc. No. 31 at 1). Defendants further note that they provided Plaintiff with more than a month's notice for the deposition. (*Id.* at 2).

The October 20, 2021 discovery and scheduling order permits the parties to engage in discovery at this time until June 20, 2022. (Doc. No. 22). Further, the order permits Defendants to depose Plaintiff with fourteen-days' notice. (*Id.* at 2). Here, Defendants provided thirty-days' notice of Plaintiff's deposition. Thus, there is no reason to stay Plaintiff's properly noticed deposition.[1]

Plaintiff also requests a settlement conference both in the instant motion and again by separate motion filed November 24, 2021. (Doc. Nos. 28, 36). Plaintiff states that he believes this case should be sent to the early settlement program. (Doc. No. 36 at 2). Defendants submit that the parties' settlement positions are far apart, as previously indicated and do not find a settlement conference will be productive at this time. (Doc. No. 37).

On September 15, 2021, the Court temporarily stayed the case so the parties could discuss whether alternative dispute resolution would be beneficial in this case. (Doc. Nos. 18). The parties conferred and ultimately determined settlement was "not currently achievable." (Doc. No. 19). Defendants reiterate their opposition to a settlement conference in response to Plaintiff's recent motion requesting a settlement conference. (*See* Doc. No. 37 at 1-2). Thereafter, the Court issued the scheduling order referenced above. As the case progresses and Plaintiff produces discovery in response to Defendants' requests, the parties may wish to confer again to see if a settlement conference is a viable option.[2]

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to strike deposition (Doc. No. 28) is DENIED.

---

[1] Plaintiff may be confusing the discovery and scheduling order that permits the parties to engage in discovery with the meet and confer requirement before filing a motion to compel. A motion to compel discovery is only necessary when a party is not cooperating with the spirt of the discovery rules by providing answers to the other party on relevant information that is proportional to the needs of the case. Fed. R. Civ. P. 26.

[2] While the Court is sensitive to Plaintiff's current incarcerated, *pro se* status Plaintiff must refrain from duplicative and repeated filings because such filings only serve to further delay resolution of this matter and congest the court's already overburdened docket.

    2. Plaintiff's motion to request early settlement program (Doc. No. 36) is DENIED.

Dated:    February 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE