1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KELLY DAVIS,                              Case No.  1:20-CV-00276-HBK

12              Plaintiff,                      ORDER DENYING PLAINTIFF'S
                                                MISCELLANEOUS MOTION
13         v.
                                                (Doc. No.  30)
14    DR. PHUI, ET. AL.,

15              Defendants.

16

17         Pending before the Court is Plaintiff's letter addressed to the Court. (Doc. No. 30).  The

18    Federal Rules dictate the appropriate type of pleadings, including how motions are to be filed

19    with the court.  Fed. R. Civ. P. 7(b).  Letters addressed to the court do not qualify as a motion.

20    Indeed, this Court's Local Rules provide that "[n]o petition or motion shall be addressed to an

21    individual Judge or Magistrate Judge."  Local Rule 190(c).  In the future, Plaintiff is warned that

22    any future letter addressed to the Court will be returned without filing.

23         Plaintiff states he is undergoing medical procedures at the hospital in San Diego and

24    requests that the Court direct correctional officials not to transfer him to a different prison. (*See*

25    *generally* Doc. No. 30).  Liberally construed, the Court construes the motion as a motion for

26    mandamus relief.  Defendants filed a response to the pleading and in opposition to Plaintiff's

27    motion for a preliminary injunction on November 23, 2021.  (Doc. No. 34).  Defendants point out

28    that the California Department of Corrections and Rehabilitation (CDCR) is not named as a

Case 1:20-cv-00276-DAD-HBK   Document 45   Filed 02/14/22   Page 2 of 2

1    defendant in this action. (*Id.*).

2         The federal mandamus status provides: "[t]he district courts shall have original

3    jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

4    United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

5    Mandamus relief is an extraordinary remedy, however.  It is available to compel a federal officer

6    to perform a duty only if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is

7    ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is

8    available.  *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

9         Here, no federal officials are involved, only state officials.  Federal mandamus relief is not

10   available for state correctional officials.  Further, this Court cannot advise state correctional

11   officials how to manage its facilities, including the transfer of inmates.    *Hewitt v.* Helms, 459

12   U.S. 460, 467 (1983) (correctional officials have broad discretionary authority in the

13   administration of a prison) (citing *Wolf v. McDonnell*, 418 U.S. 539, 566 (1974)).  The decision

14   whether to transfer an inmate to a different prison is a matter within the discretion of correctional

15   officials.  *See generally Montanye v. Haymes*, 427 U.S. 236 (1976).  Confined individuals do not

16   have a right remain at any particular correctional institution.  *Id.*   As pointed out by Defendants,

17   CDCR is not named as a party to this case and there is no evidence that Plaintiff is being

18   transferred.  While it certainly makes logical sense for Plaintiff to remain confined closest to

19   where he is receiving medical treatment, this Court does not have jurisdiction to grant Plaintiff

20   the relief he requests.

21        Accordingly, it is **ORDERED**:

22        Plaintiff's motion (Doc No. 30) is DENIED.

23

24   Dated:    February 14, 2022

25                                              HELENA M. BARCH-KUCHTA
                                               UNITED STATES MAGISTRATE JUDGE
26

27

28

2