UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY B. DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>DR. PHUI, ET. AL.,<br><br>            Defendants. | Case No. 1:20-cv-276-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT AND MOTION TO STAY CASE TO FILE SECOND AMENDED COMPLAINT<br><br>ORDER DIRECTING DEFENDANTS TO RESPOND TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN FOURTEEN DAYS<br><br>(Doc. Nos. 33, 38) |

      Pending before the Court is Plaintiff's motion to file supplemental complaint and motion to stay case to allow Plaintiff to file a second amended complaint, filed on November 22, 2021 and January 3, 2022, respectively. (Doc. Nos. 33, 38). Defendants have not filed responses in opposition to either motion. (*See* docket). Plaintiff then lodged a second amended complaint on February 11, 2022. (Doc. No. 44).

      As background, Plaintiff initiated this action proceeding *pro se* by filing a prisoner civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff now proceeds on his First Amended Complaint (FAC) alleging deliberate indifference to a serious medical condition. (Doc. No. 10). This case has proceeded past screening and Defendants have answered. (*See generally* Doc. Nos. 12, 17).

**Motion to Supplement Complaint**

Plaintiff's first motion is entitled "supplemental complaint." (Doc. No. 33). Rather than a motion seeking leave to supplement the FAC, it appears Plaintiff intended his filing to be a supplemental complaint considering he generally advises the Court that he is continuing to have medical procedures. (*Id.* at 1-2). Rule 15(d) provides on motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting forth any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d).

The supplement concerning Plaintiff's recent medical appointments do not contain sufficient facts supporting his claims in this case, nor is it a complete supplemental complaint. Local Rule 220 requires any supplement or amendment to be complete and not refer to a prior or superseding pleading. Here, the supplemental complaint is two pages in length and does not stand alone. Thus, the Court directs the Clerk to strike the supplemental complaint.

**Motion to Stay and file Second Amended Complaint**

Turning to Plaintiff's motion to stay the action so he may file a Second Amended Complaint, Plaintiff in pertinent states he has no legal training, and he has done his best to file a complaint that states a claim. (Doc. No. 38 at 4-5). Plaintiff further states that he believes his FAC is deficient, pointing to Defendants Answer and defense counsels' other arguments in opposition to various motions Plaintiff has submitted to the Court, including, for example, his motions for appointment of counsel, which the Court has denied. (*Id.* at 5-6). Regarding the initial complaint, Plaintiff contends that the Court noted "major pleading issue(s)/error(s)" and further submits that his FAC is also lacking. (*Id.* at 6). Stating that the action has not yet proceeded to discovery, Plaintiff requests that the Court stay the action because justice requires that he be permitted to file a second amended complaint. (*Id.* at 6-12).

Because defendants have already answered the FAC, Rule 15(a)(2) of the Federal Rules of Civil Procedure govern whether Plaintiff may amend. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." However, a "district court does not err in

denying leave to amend where the amendment would be futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Further, leave to amend may be denied where "undue prejudice to the opposing party" would result. *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Leave to amend is generally inappropriate when the party does not submit a proposed amendment indicating what the amended complaint would have contained. *National Union of Hosp. & Health Care Employees, RWDSU, AFL-CIO v.* Carey, 557 F.2d 278, 282 (2d Cir. 1977); *Case v. State Farm Mut. Auto Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961); *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009).

Turning to Plaintiff's motion to stay in order to file a second amended complaint, no stay is warranted in this case. The need to file a second amended complaint is not grounds to stay a matter. *Irvin v. Yates*, 783 F. App'x 695, 696 (9th Cir. 2019)(not abuse of discretion to deny stay wen plaintiff provides no justification for a stay). Further, to the extent Plaintiff wishes to file a second amended complaint, Plaintiff did not accompany his motion with a copy of his proposed second amended complaint. Instead, just a few days ago, on February 11, 2022, Plaintiff lodged his second amended complaint. (Doc. No. 44). Considering Defendants have not yet filed a response to this motion and the filing of the proposed second amended complaint, the Court will direct Defendant to respond to the motion.

In closing, the Court has denied many of Plaintiff's motions recently, but Plaintiff should not understand this to mean he is not capable of proceeding *pro se* in this case. Plaintiff's FAC successfully withstood screening, was served, defendants answered, and this case is currently at the discovery stage.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to **terminate** Plaintiff's motion to supplement as a pending motion and is directed to **strike** the supplemental complaint (Doc. No. 33)

2. Plaintiff's motion to stay (Doc. No. 38) is **denied.**

3. Defendants shall respond to Plaintiff's motion for leave to file a second amended complaint (Doc. No. 38) within fourteen (14) days from the date on this order.

///

Dated:   February 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE