1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KELLY B. DAVIS,                      Case No.  1:20-cv-276-HBK

12              Plaintiff,                FINDINGS AND RECOMMENDATIONS TO
                                          DENY PLAINTIFF'S MOTION FOR
13        v.                              PRELIMINARY INJUNCTION[1]

14   DR. PHUI, ET. AL.,                   FOURTEEN-DAY OBJECTION PERIOD

15              Defendants.               ORDER TO ASSIGN DISTRICT JUDGE TO
                                          THIS ACTION
16

17                                        (Doc. No.  29)

18

19        Pending before the Court is Plaintiff's motion for a preliminary injunction, filed on

20   November 15, 2021.  (Doc. No. 29).  Defendants filed a response in opposition on November 23,

21   2021.  (Doc. No. 34).  For the reasons below, the undersigned recommends the district court deny

22   Plaintiff's motion for a preliminary injunction.

23                        **I.  BACKGROUND & FACTS**

24        Plaintiff Kelly B. Davis, a state prisoner, initiated this action by filing a *pro se* 42 U.S.C. §

25   1983 complaint on February 24, 2020, while confined at the Substance Abuse Treatment

26

27   [1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28
     U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).
28

facility/State Prison located in Corcoran, California.  (Doc. No. 1 at 1-2).  The incidents giving rise to the cause of action occurred while Plaintiff was confined at the Substance Abuse and Treatment Facility in Corcoran.  (*See generally* Doc. No. 1; Doc. No. 10 at 2-3).  In its screening order, the Court found an Eighth Amendment deliberate indifferent claim against Drs. Phui and Ugwueze and ordered service of Plaintiff's First Amended Complaint ("FAC").[2]  As relief in the FAC, Plaintiff requests the Defendants receive training and compensation for his pain and suffering, and future medical expenses.  (*Id.* at 5).

In his three-page motion for a preliminary injunction, Plaintiff seeks an injunction directing defendants receive training on "proper procedures when dealing with septic infections," how to "perform blood culture labs when report[ing]" sepsis and when to send patients for outside medical treatment when the prison cannot provide medical care for the patients.  (Doc. No.  29 at 1-2).  Plaintiff also requests a court order directing R.J. Donovan Correctional Facility located in San Diego, California, not to transfer him because he is receiving medical care at "UC San Diego Hospital." (*Id.*).

In opposition to the motion for a preliminary injunction, Defendants argue Plaintiff fails to demonstrate a likelihood of success on the merits because he "makes no argument on the merits beyond a naked assertion that he 'can prove at trial defendants violated [his] rights.'"  (Doc. No. 34 at 2).  Turning to the irreparable harm prong, Defendants argue Plaintiff cannot show how he will be irreparably harmed in absence of preliminary relief because, to the extent he seeks an order directing he not be transferred to another correctional facility, such relief is too speculative.  (*Id.* at 3).  To the extent Plaintiff claims he is not receiving adequate medical care, Defendants note that Plaintiff's statements are belied by his admission he is receiving treatment at a hospital located in San Diego and requests he not be transferred. (*Id.*).  Finally, Defendants argue that the Court lacks jurisdiction to enjoin the California Department of Corrections and Rehabilitation because they are not a party in this case.  (*Id.* at 4-5).

///

---

[2] Plaintiff seeks leave to file a second amended complaint ("SAC") and lodged his SAC on February 11, 2022.  (Doc. Nos. 29, 44).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs preliminary injunctions and limits their issuance to where "notice to the adverse party" has been given.  Fed. R. Civ. P. 65(a).   Local Rule 231(d) also mandates notice and requires that all preliminary injunction motions include (1) briefing on all legal issues implicated by the motion, (2) affidavits supporting the motion, including affidavits addressing irreparable harm, and (3) a proposed order which includes a provision for a bond.

A preliminary injunction is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).

Plaintiff bears the burden of clearly satisfying all four prongs.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A preliminary injunction will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required.  *Id.* at 1131.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr*., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum."  *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).  The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the

3

1   claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

2         Finally, state governments have "traditionally been granted the widest latitude in the

3   dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations

4   omitted).  This deference applies even more strongly when the court is asked to involve itself in

5   the administrative decisions of a prison.  *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v.*

6   *Conner*, 515 U.S. 472, 482-83 (1995).

7                              **III.  DISCUSSION**

8         Generally, Plaintiff's motion for a preliminary injunction seeks an order: (1) directing

9   Defendants, who appear to be physicians at the Substance Abuse and Treatment Facility located

10  in Corcoran, to receive training on how to provide care for inmates with sepsis; and (2) directing

11  CDCR officials not to transfer Plaintiff outside of his current place of incarceration, R.J. Donovan

12  Correctional Facility, which is located in San Diego, California.

13        Having reviewed Plaintiff's motion, the undersigned finds Plaintiff has not satisfied his

14  burden to warrant issuance of this extraordinary remedy.  As a threshold matter, Plaintiff has not

15  complied with Local Rule 231(d).  Plaintiff neither provide any affidavits attesting to imminent

16  irreparable harm, nor includes a proposed order that includes a provision for bond.  Further, the

17  undersigned recommends the district court deny Plaintiff's motion for failing to satisfy the *Winter*

18  factors.

19        A review of the docket confirms that Plaintiff was transferred to the R.J. Donovan

20  Correctional Facility, where he now does not wish to be transferred from, because he is receiving

21  medical care at an outside hospital.  (Doc. No. 29 at 1-3).  Based on the allegations in Plaintiff's

22  motion, it is clear Plaintiff is receiving medical care.  (*Id.*).  Moreover, Plaintiff has not shown a

23  likelihood of irreparable harm in the absence of preliminary relief because the Defendants he

24  contends need to receive training are no longer providing him medical care.

25        Further, to the extent Plaintiff seeks an order enjoining CDCR from transferring him from

26  R.J. Donovan Correctional Facility, Defendants' argument is well taken.  CDCR is not a named

27  Defendants in this action.  The Court cannot enjoin a non-party.  *Zepeda v. U.S. Immigration &*

28  *Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985)("A federal court may issue an injunction

if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Moreover, decisions about inmate housing and inmate transfers fall within the realm of institutional administrative decisions. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003)(prisons enjoy discretion in housing inmates).

In summary, the undersigned finds Plaintiff has not presented extraordinary circumstances warranting the issuance of a preliminary injunction and recommends for all the reasons set forth above that the district court deny Plaintiff's motion for a preliminary injunction.

Accordingly, it is **ORDERED:**

The Clerk of Court shall assign this case to a district judge.

It is further **RECOMMENDED**:

Plaintiff's motions for a preliminary injunction (Doc. No. 29) be DENIED.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   February 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5