UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY B DAVIS, | Case No. 1:20-cv-00276-ADA-HBK (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT AND DIRECTING CLERK TO FILE THE LODGED SECOND AMENDED COMPLAINT |
| v. | |
| DR. PHUI, ET. AL., | |
| Defendants. | (Doc. No. 38) |

Pending before the Court is Plaintiff's motion for leave to file a second amended complaint.[1] (Doc. No. 38). Prior to Defendants responding to the motion and the Court ruling on Plaintiff's motion, Plaintiff lodged his second amended complaint. (Doc. No. 44, "SAC"). Defendants filed a response opposing Plaintiff's motion. (Doc. No. 50). The Court grants Plaintiff's motion for leave to file a second amended complaint. The Court stays all deadlines in the Discovery and Scheduling Order (Doc. No. 22) until the Court screens the SAC and direct service of process, if appropriate, on any new defendants.

////

---

[1] Plaintiff's motion seeking leave to file a second amended complaint also included a motion to stay this action. The Court's February 14, 2022 Order denied the motion to stay and directed Defendants to respond to Plaintiff's motion seeking leave to file a second amended complaint. (Doc. No. 46).

**BACKGROUND AND PROCEDURAL HISTORY**

**A. Background**

Plaintiff Kelly B. Davis, a state prisoner, is proceeding on his First Amended Complaint against Defendants K. Phui and G. Yaguezi alleging claims of medical deliberate indifference under the Eighth Amendment. (Doc. No. 12). After Defendants filed an Answer, the Court issued a Discovery and Scheduling Order. (Doc. Nos. 17, 22). The Scheduling Order set the following deadlines: January 19, 2022- exhaustion based motions; April 19, 2022- amendment of pleadings; June 20, 2022- close of discovery; September 21, 2022- dispositive motions. (Doc. No. 22).

**B. Plaintiff's Motion and Defendants' Opposition**

On January 3, 2022, Plaintiff filed the motion seeking leave to file the SAC. (Doc. No. 38). Plaintiff states his FAC has pleading deficiencies and therefore seeks leave to file a SAC. (Doc. No. 38 at 6-7). In particular, Plaintiff references various deficiencies pointed out by Defendants in their Answer to his FAC. Plaintiff also states that during discovery he learned of additional defendants and claims that he should have included in his FAC. (*Id*. at 7). Pointing to his pro se status, Plaintiff argues the interests of justice require he be permitted to file a SAC. (*Id.* at 8-9).

On March 1, 2022, Defendants filed a response opposing Plaintiff's motion to file a SAC and identify unnecessary delay and prejudice to Defendants if the Court permits Plaintiff to file a SAC. (Doc. No. 50 at 2, 3-6). In support, Defendants point out the deadline to file an exhaustion-based motion has passed and the parties have already commenced discovery. Defendants argue Plaintiff's SAC adds 15 more defendants, 10 Doe Defendants, and six additional claims against every defendant. (*Id.* at 1-2). Further, "to the best of Defendants' knowledge, Davis has secured the assistance of counsel, yet his proposed [SAC] was not signed by counsel." (*Id.* at 2). Alternatively, if the Court permits Plaintiff leave to file a SAC, Defendants request the deadlines set forth in the Scheduling Order be extended. (*Id.* at 5).

**APPLICABLE LAW AND ANALYSIS**

Because the Court issued a pre-trial scheduling order prior to Plaintiff filing a motion for

leave to file the SAC, both Federal Rule of Civil Procedure 16 and 15 apply to analyzing the instant motion. *See Johnson v. Mammouth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)(noting once the district court issues a scheduling order, Rule 16 requires the party seeking to amend to show "good cause" for the amendment and once that is found then the party must demonstrate that amendment is proper under Rule 15)(citing *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989)(same)).

Under Rule 16, "good cause" primarily considers the party's diligence in seeking amendment. *Johnson*, 975 F.2d at 609. Here, Plaintiff sought leave to amend before the deadline set forth in the Scheduling Order expired and thus satisfies the Rule 16 good cause standard. The undersigned turns to analyze whether amendment is permitted under Rule 15(a)(2) since Defendants previously filed a responsive pleading.

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Leave to amend should be denied if amendment: (1) would cause prejudice to the opposing party; (2) is sought in bad faith; (3) would create undue delay, or (4) is futile. *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011)(citations omitted); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)(noting a "district court does not err in denying leave to amend where the amendment would be futile."); *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). The burden to demonstrate prejudice falls on the party opposing amendment. *DCD Programs, Lt.d v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) is in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants do not argue futility of the SAC nor that Plaintiff has engaged in bad faith. Although raised, Defendants fails to demonstrate how the filing of a SAC would unduly delay the proceedings. And Defendants suggest only a potential for prejudice. To the extent Defendants argue prejudice because the SAC names 15 additional defendants and the exhaustion-based motion deadline set forth the Scheduling Order has now passed, the Court can stay the

3

deadlines set forth in the Scheduling Order until a screening order issues on the SAC and reset any deadline as appropriate. To the extent Defendants argue prejudice because discovery has commenced and the newly-named defendants may advance different legal theories than the two Defendants currently identified, the prejudice to Plaintiff if not permitted to amend at this stage of the litigation is greater. Any prejudice Defendants' may face is alleviated by a future Scheduling Order extending the deadlines, including the deadlines for discovery. Finally, Defendant's concern that counsel for Plaintiff entered an appearance for the limited purpose of appearing at his deposition and an attorney may wish to amend the complaint in the future is too speculative to warrant denying Plaintiff leave to amend.

Defendants are not required to respond to the SAC until the Court issues a screening order and directs service of process on any new defendant, if appropriate.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for leave to file a second amended complaint (Doc. No. 38) is GRANTED.

2. The Clerk of Court is directed to accept the lodged second amended complaint (Doc. No. 44) and docket it as Plaintiff's Second Amended Complaint.

3. All deadlines set forth in the Discovery and Scheduling Order are STAYED until the Court issues a screening order on the Second Amended Complaint.

Dated:  September 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE