1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

KELLY B. DAVIS,

Case No.  1:20-cv-00276-KES-HBK (PC)

12

Plaintiff,

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS TO DISMISS
DEFENDANTS CHANZA, CRYER, AND
SHERMAN

13

v.

14

DR. UGWUEZE, KHUONG PHUI, C.
CRYER, JR., STUART SHERMAN, and
L. CHANZA,

Doc. 81

15
16

Defendants.

17
18

Plaintiff Kelly B. Davis, proceeding in forma pauperis, filed this civil rights action against

19

Defendants under 42 U.S.C. § 1983.[1]  Doc. 1.  The matter was referred to a United States

20

magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21

Plaintiff initiated this action on February 24, 2020, and he filed his second amended

22

complaint on September 7, 2022.  Docs. 1, 54.  On February 9, 2024, the assigned magistrate

23

judge issued findings and recommendations recommending that the district court grant

24

Defendants' Motion for Summary Judgment as to Defendants Chanza, Cryer, and Sherman

25

because Plaintiff failed to exhaust his administrative remedies with respect to those defendants.

26

Doc. 81.  On February 23, 2024, Plaintiff timely filed objections to the findings and

27
28

[1]  Plaintiff initially proceeded pro se but has since retained counsel.  *See* docket.

1    recommendations.  Doc. 82.

2           In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

3    novo review of this case.  Having carefully reviewed the file, the Court finds the findings and

4    recommendations to be supported by the record and by proper analysis.  As the magistrate judge

5    correctly noted, the undisputed facts reflect that Plaintiff's single fully exhausted administrative

6    grievance does not mention the dental care he received nor mention Defendants' Chanza, Cryer,

7    or Sherman's actions.  Doc. 81 at 10–12.  In his objections, Plaintiff contends that "[p]rison

8    officials unlawfully denied Plaintiff his First Amendment right of access to the courts and

9    Fourteenth Amendment right to substantive due process by imposing a thirty-day time limit to

10   present medical grievances."  Doc. 82 at 2.  Plaintiff claims this deprivation occurred because he

11   was "transferred to various medical facilities, was bedridden and generally incapacitated," *id.*,

12   and, consequently, he was unable to name all the individuals responsible for his treatment.  *Id.*

13          The Court has discretion to consider arguments presented for the first time in objection to

14   a magistrate judge's findings and recommendations.  *See United States v. Howell*, 231 F.3d 615,

15   621–22 (9th Cir. 2000).  However, Plaintiff fails to support his new assertions with a declaration

16   or any competent evidence that would establish a genuine dispute of material fact, and Plaintiff

17   does not otherwise articulate a basis for rejecting the magistrate judge's findings and

18   recommendations.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   //

2

Accordingly, it is ORDERED:

1.    The findings and recommendations, issued February 9, 2024, Doc. 81, are
      ADOPTED IN FULL;

2.    Defendants Chanza, Cryer, and Sherman are DISMISSED from this action;

3.    The Clerk of Court is directed to correct the docket to reflect only the remaining
      named Defendants; and

4.    The matter is returned to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   November 26, 2024

UNITED STATES DISTRICT JUDGE

3