UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY BEAU DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>KHUONG PHUI AND G. UGWUEZE,<br><br>Defendants. | No. 1:20-cv-00276-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 84, 98 |

Plaintiff Kelly Beau Davis is proceeding with counsel and in forma pauperis in this prisoner action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 12, 2024, the assigned magistrate judge issued findings and recommendations to grant defendants Khuong Phui and G. Ugwueze's motion for summary judgment, finding no genuine dispute of material fact as to whether those defendants acted with deliberate indifference to plaintiff's serious medical condition; and additionally, that they were entitled to qualified immunity. Doc. 98. The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen days of service. *Id*. at 23. On December 26, 2024, plaintiff timely filed objections. Doc. 99.

1

1    In the objections, plaintiff argues that there is sufficient evidence to support a finding of
2 Phui's deliberate indifference based on an x-ray taken on December 6, 2018, revealing that
3 plaintiff had an enlarged heart, which is symptomatic of endocarditis. *Id.* at 2–6. Plaintiff
4 contends that his claim of deliberate indifference is not foreclosed because that x-ray was not
5 discussed in Phui's or Lampiris' declarations, and therefore those omissions support the
6 conclusion that Phui was consciously aware that a diagnosis of endocarditis was in order, or
7 alternatively, that Phui was aware of the risk posed by the conscious disregard or failure to
8 review the x-ray. *Id.* Next, plaintiff argues that Ugwueze's involvement in this case is a
9 disputed issue of fact and not dependent on a theory of respondeat superior. *Id.* at 6. Finally,
10 plaintiff argues that defendants are not entitled to qualified immunity because it was clearly
11 established in *McDonald v. Macabuhay*, No. CV 07-1022-PHX-GMS (MHB), 2009 U.S. Dist.
12 LEXIS 73851, (D. Ariz. Aug. 10, 2009) that inmates are entitled to medical care for infectious
13 diseases within a particular time frame. *Id.* at 7.

14    Plaintiff's objections concerning the x-ray reassert the position he took in opposition to
15 defendants' motion for summary judgement and are unpersuasive. *Compare* Doc. 90 at 4–5,
16 *with* Doc. 99 at 2–6. The findings and recommendations already considered plaintiff's
17 arguments and the evidence of this x-ray, Doc. 98 at 10, and correctly found that plaintiff
18 "fail[ed] to establish that he presented sufficient Duke Criteria that any reasonable physician
19 would have diagnosed or suspected endocarditis prior to January 30, 2019." *Id.* at 20. Critically,
20 plaintiff's objections fail to address that "Phui ordered every test, prescription, and referral that
21 was recommended by specialists and Adventist Bakersfield Hospital physicians" and "referred
22 Davis for transfer to an outside hospital on an emergency basis" as soon as he presented with
23 clear symptoms of endocarditis. *Id.* at 19; *see also Fraher v. Mitchell*, 667 F. App'x 628, 630
24 (9th Cir. 2016) (rejecting claim of deliberate indifference based on improper treatment of
25 endocarditis where the plaintiff failed to demonstrate that the care she did receive was medically
26 unacceptable).

27    Plaintiff's argument that Ugwueze's involvement is a disputed issue of fact is barebones
28 and rests merely on the speculative and unsupported assertion that "Ugwueze may have observed

2

deficient medical care without recognizing it." Doc. 96 at 16. This is insufficient to raise a triable issue of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (recognizing that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat summary judgment). The findings and recommendations specifically considered plaintiff's attempt to identify a disputed issue on this point, Doc. 98 at 17, and correctly found that the undisputed facts reflected that "at no time was [Ugwueze] directly involved in Davis's medical care." *Id.* at 21. Therefore, as plaintiff has not raised sufficient evidence of Ugwueze's personal involvement, plaintiff's objections provide no basis to overturn the findings and recommendations in this respect.

With respect to qualified immunity, plaintiff's reliance on *McDonald* is misplaced. There, the plaintiff who brought a deliberate indifference claim against an Arizona Department of Corrections physician tested positive for both Hepatitis B and Hepatitis C following a Hepatitis panel ordered by the defendant in November 2004. *McDonald*, 2009 U.S. Dist. LEXIS 73851, at *20. The plaintiff "was not seen for his liver again until June 2006" and did not begin treatment until November 2006. *Id.* at *18–19. In denying summary judgment, the court in *McDonald* found it "disturbing" that the defendant failed "to take *any* action after ordering [the] Hepatitis panel in November 2004." *Id.* at 20. The court also rejected the defendant's argument that the delay in treatment did not cause the plaintiff any harm, finding it unsupported and contradicted by the record. *Id.* at 20–21. In contrast to the unexplained two-year delay in *McDonald*, defendants in this case have offered evidence that the approximate ten-week delay in diagnosing plaintiff's endocarditis was "not uncommon" because "the symptoms are very vague and often attributed to other more common causes." Doc. 98 at 19. Moreover, unlike in *McDonald*, plaintiff was provided regular and timely medical care, "and once diagnosed with infective endocarditis, he was *immediately* transferred to an outside hospital where he received life-saving heart surgery." *Id.* at 18–19, 23 (emphasis added). In sum, *McDonald* does not support plaintiff's argument and would not place defendants on notice that failing to diagnose plaintiff's condition sooner was unconstitutional, where even a specialist failed to diagnose endocarditis, and where adequate medical care was continually provided.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. After carefully reviewing the file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on December 12, 2024, Doc. 98, are adopted in full;

2. Defendants Khuong Phui and G. Ugwueze's motion for summary judgment, Doc. 84, is granted; and

3. The Clerk of Court is directed to enter judgment in favor of defendants Khuong Phui and G. Ugwueze and to close this case.

IT IS SO ORDERED.

Dated:   September 14, 2025

_____
UNITED STATES DISTRICT JUDGE

4